UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF MICHAEL T. BARRY, II, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:10CV00265 AGF |
| STATE FARM MUTUAL, AUTOMOBILE INSURANCE CO. Defendant. | ) ) ) ) |

# MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Compel Production of Witnesses for Deposition (Doc. 17). Plaintiffs bring this diversity action against Defendant seeking declaratory judgment regarding the extent of coverage provided by Defendant's insurance policies as to Plaintiffs' claims, and seeking damages for Defendant's alleged breach of contract and vexatious refusal to pay uninsured benefits.

Plaintiffs now seek to depose Brian Canterbury and Colleen Jordan, insurance adjusters and employees of Defendant who were involved in the work-up of Plaintiffs' claim for uninsured benefits. Plaintiffs seek to depose these individuals in St. Louis, Missouri, on a mutually agreeable date. Defendants object to this request because Mr. Canterbury and Ms. Jordan work out of Defendant's offices in New Orleans, Louisiana, and reside in metropolitan New Orleans.

Plaintiffs argue that the Court should exercise its discretion and designate that these depositions take place in St. Louis, because Plaintiffs allege that they will incur

expenses of approximately $1,000 in sending their attorney to New Orleans, and because this is a Missouri case on a Missouri contract against a company conducting business in Missouri. Defendants object on the basis that Plaintiffs' counsel has made it clear that he is seeking the depositions of Mr. Canterbury and Ms. Jordan as fact witnesses, and not as corporate representatives of Defendant, and these individuals should therefore not have to travel to St. Louis in order to testify in this matter.

It is within the Court's discretion under Federal Rule of Civil Procedure 26(c)(2) to designate the location for taking depositions. "In the absence of exceptional or unusual circumstances, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc., 84 F.R.D. 130, 131 (W.D. Mo. 1979). Moreover, ordinary employees of a corporate party are subject to the general rule that "a deponent should be deposed near his or her residence, or principal place of work." Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minn., 187 F.R.D. 578, 587 -588 (D. Minn. 1999) (citing F. R. Civ. P. 45(c)(3)(A)(ii) and Metrex Research Corp. v. United States, 151 F.R.D. 122, 125 (D. Colo. 1993)).

The Court sees no reason, under the circumstances, to depart from this general rule, and will therefore deny Plaintiffs' motion to compel. The Court notes that Plaintiffs are free to arrange a telephone deposition if they want to avoid the expense that will be incurred in deposing Mr. Canterbury and Ms. Jordan in New Orleans.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Production of Witnesses for Deposition (Doc. 17) is **DENIED.**

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2011.