UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ESTATE OF MICHAEL T. BARRY, II,        )
and MICHAEL T. BARRY,                  )
                                       )
        Plaintiffs,                    )
                                       )
        vs.                            )        Case No. 4:10CV00265 AGF
                                       )
STATE FARM MUTUAL                      )
AUTOMOBILE INSURANCE CO.,              )
                                       )
        Defendant.                     )

## MEMORANDUM AND ORDER

This diversity matter involving uninsured motorist coverage, arising out of a

motorcycle accident, is before the Court on (1) the motion of Defendant State Farm

Mutual Automobile Insurance Co. ("State Farm") for admission of evidence regarding

intoxication; and (2) the motion of Plaintiffs, the estate and father of Michael T. Barry, II,

(Barry") who died in the accident, to exclude such evidence and to strike State Farm's

affirmative defense based upon Barry's intoxication at the time of the accident.  At the

request of the parties, the Court held a hearing on the motions on July 28, 2011.  For the

reasons ser forth below, Defendant's motion shall be granted, and Plaintiffs' motion shall

be denied.

## BACKGROUND

Plaintiffs bring this diversity action against State Farm for declaratory judgment

that Plaintiffs are entitled to uninsured motorist coverage under six State Farm insurance

policies, and for damages for State Farm's alleged breach of contract and vexatious

refusal to pay these benefits. The evidence before the Court establishes that Barry was

killed in a motorcycle accident at 9:52 p.m. on Sunday, July 5, 2009, while a passenger on

a motorcycle driven by Branden Orndorff, who was uninsured. Orndorff lost control of

the motorcycle and ran off the highway killing himself and Barry. The motorcycle was

going 52 m/p/h in a 35 m/p/h zone.

At the time of the accident, Barry had a blood alcohol level ("BAC") of .189 and

Orndorff of .173. State Farm anticipates calling a medical examiner to testify that

persons having these BACs will typically exhibit signs of intoxication. In Missouri, at all

relevant times, a BAC of .08 was the prima facie level of legal intoxication. Both Barry

and Orndorff were under the age of 21. There is undisputed evidence that the two young

men were together for approximately two and one half hours before the accident, driving

to various places on the motorcycle. One acquaintance of the two men testified by

deposition dated April 15, 2001, that Barry and Orndorff arrived at her house together

about an hour and a half before the accident and that upon arrival, both appeared to her to

be visibly intoxicated. Upon further questioning, she was equivocal as to her memory of

the events from almost two years ago.

State Farm refused the demand of Barry's father, the named insured, for insurance

benefits from State Farm, under the uninsured motorist coverage clauses in six applicable

policies. Plaintiffs brought this action for declaratory judgment, breach of contract, and

vexatious refusal to pay. State Farm asserted the affirmative defense of comparative

fault, claiming that Barry was at fault "in getting on a motorcycle while intoxicated or while the motorcycle was being operated by an intoxicated person." State Farm also counterclaimed for declaratory judgment. There is no allegation or evidence that Barry's intoxication contributed to causing the accident.

Plaintiffs argue that as no evidence exists that Barry witnessed or saw Orndorff consuming alcohol in the hours prior to the accident, Barry's comparative fault is not an issue, and the prejudicial evidence of Barry's or Orndorff's intoxication should not be admitted. State Farm argues that evidence is overwhelming that at the time Barry got on the motorcycle immediately prior to the accident, and chose to ride with Orndorff, Barry knew or should have known, that Orndorff was intoxicated, and further that Barry's own intoxication could have impaired his ability to decide whether or not Orndorff was intoxicated or if it was safe for him (Barry) to be on the motorcycle.

## DISCUSSION

In this diversity case, Missouri law governs the admissibility of the evidence in question. *See, e.g., Potts v. Benjamin*, 882 F.2d 1320, 1324 (8th Cir. 1989). Under Missouri law, evidence of a motor vehicle passenger's alcohol consumption is relevant to whether the passenger was comparatively negligent in deciding to enter and remain in a vehicle with an intoxicated driver. *Rodriguez v. Suzuki Motor Corp.*, 936 S.W.2d 104 (Mo. 1996). Evidence of a driver's intoxication is relevant and material to show the passenger's comparative fault in riding with an intoxicated driver. *Steinhoff v. Rolen*, 945 S.W.2d 516, 518 (Mo. Ct. App. 1997) (holding that the trial court erred in excluding

evidence of a driver's blood alcohol level), *abrogated on other grounds by McNeill Trucking Co. v. Mo. State Highway & Transp. Comm'n*, 35 S.W.3d 846, 848 (Mo. 2001).

Plaintiffs' reliance on *Hosto v. Union Electric Co.*, 51 S.W.3d 133, 134 (Mo. Ct. App. 2001), is to no avail.  In *Hotso*, a helicopter crashed into power lines, killing the pilot and his passenger. The decedents' families sued the power company.  The trial court refused to submit an instruction premised on the passenger's comparative fault for getting in the helicopter with the pilot whose BAC was .114 and also refused to admit evidence that the passenger's BAC was .08, which, at the time was lower than the legal limit of .10. On appeal, the Missouri Court of Appeals found that the trial court did not err in either regard.  On the issue of the passenger's comparative fault, the court noted that, unlike in *Rodriguez*, there was only "speculation that [the passenger] may have spent the day with [the pilot] and may have witnessed him drinking," and that the record was the record "devoid of any evidence [the passenger] consumed alcohol the day of the accident [with the driver]."  Accordingly, the appellate court held that there was no substantial evidence warranting a comparative fault instruction.  *Id.* at 143-44.

Here, upon review of the record, the Court concludes that State Farm's evidence that Barry and Orndorff got intoxicated together in the two to three hours prior to the accident rises above speculation; there is ample evidence from which a reasonable jury could find that Barry knew that Orndorff was drunk when Barry got on the motorcycle

4

with him one last time, prior to the accident.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion to exclude evidence of

intoxication and to strike Defendant's affirmative defense of comparative fault is

**DENIED**. [Doc. #24 ]

**IT IS FURTHER ORDERED** that Defendant's motion for admission of evidence

regarding intoxication is **GRANTED**. [Doc. #27]


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of July, 2011.